# UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In re: John Scott Hooper and Suzette P. Hooper, <br> **Debtors Plaintiffs** <br><br> vs <br><br> Emily Brown and Christi Hooper individually and as personal representatives of the Estate of Mallette Scott Hooper, Dennis Meeks, as personal representative of the Estate of Allene Hooper, Trustee Susan Depola, Transamerica Advisors Life Insurance Company, Robert Parks, Rosemary Parks, <br><br> **Defendants** | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | Case No. 16-30141 <br> Chapter 7 |

Case 18-03019    Doc 3    Filed 02/28/18    Entered 02/28/18 13:33:24    Desc Main
Document      Page 1 of 8

# COMPLAINT
# DECLARATORY JUDGEMENT

**COMES NOW**, the Debtors as Plaintiffs in this Adversarial Proceeding to enhance the Bankruptcy Estate of Debtors states the following:

## STATEMENT OF FACTS

1. Emily Brown, Christi Hooper, and John Scott Hooper are siblings and are the natural children of Mallett S. Hooper (deceased November 5, 2006) and Allene Alexander Hooper (deceased May 13, 2008).

2. During July 2001, Emily Brown and Christi Hooper were holding power of attorney over Mallett Hooper and Allene Hooper and had access to all of the elderly Hoopers' assets. Mallett Hooper was 92 years old and Allene Hooper was 88 during this time. Emily Brown and Christi Hooper negotiated a sale of the major asset of Mallett Hooper and Allene Hooper which was a restaurant property in Brewton, Alabama and it sold for $450,000.00. Unknown to the elderly Hoopers and to John Scott Hooper, the Defendants, Emily Brown and Christi Hooper, sold the property diverting 99% of the proceeds to themselves equally and the remaining 1% was awarded to Hooper Family, LLC which was owned by Mallett Hooper.

3. The elderly Hoopers had resided in their home since it was built in 1959 and wanted to remain in their family home for the remainder of their lives.

4. During September 2001 John Scott Hooper received a phone call from Tommy Brown, who is the spouse of Emily Brown. Tommy Brown demanded that Plaintiff, join himself, Emily Brown, and Christi Hooper in agreeing to and encouraging their parents to leave their comfortable family home and reside in a nursing home. Plaintiff disagreed and revealed this information to the elderly Hoopers the next day. Plaintiff was unaware of the sale of the restaurant property during this time.

5. Allene Hooper made it clear she was angry over the incident with Tommy Brown and Plaintiff that she immediately revoked her current estate plan and generated a new power of attorney in favor of the Plaintiff, and of course, revoking all prior powers previously executed.

6. Upon finding out about the new will and power of attorney to Plaintiff, Emily Brown and Christi Hooper, coerced and unduly influenced Mallett Hooper into joining them in filing a probate action challenging Allene Hooper, which sought to deem her incompetent to revoke the elderly Mrs. Hooper's new estate plan in Probate Court of Covington County, Alabama PC-2002-50. The sale of the restaurant property remained undisclosed.

7. The day Allene Hooper was served with the suit against her that named Mallett Hooper as a petitioner challenging her competency, he withdrew from the suit, executed a new power of attorney to Plaintiff and made an appointment to generate a new will. Mallett Hooper demanded that Emily Brown and Christi Hooper terminate the suit against Allene Hooper immediately, but Emily Brown and Christi Hooper continued the probate action. The sale of the restaurant property continued to remain undisclosed.

8. On Friday February 22, 2002, and before, Mallett Hooper could change his will, Emily Brown and Christi Hooper filed a petition in Probate Court to challenge the competency of Mallett Hooper, PC-2002-56. The sale of the restaurant property continued to remain undisclosed.

9. The two cases were removed to Circuit Court and consolidated. The Circuit Court ordered the cases to mediation. A settlement was reached during the scheduled mediation on April 30, 2002. Emily Brown and Christi Hooper did not disclose that they had sold the largest asset owned by the elderly Hoopers. Emily Brown and Christi Hooper offered to split the assets of the elderly Hoopers with Plaintiff, John Scott Hooper, but did not disclose the sale of the restaurant property

Page | 3

Case 18-03019    Doc 3    Filed 02/28/18    Entered 02/28/18 13:33:24    Desc Main
Document    Page 3 of 8

and continued to imply that the elderly Hoopers assets remained intact. At that time the elderly parents net worth was approximately 1.5 million dollars but without the restaurant property, it dropped to nearly 1 million dollars. Plaintiff agreed to the monetary offer of the Emily Brown and Christi Hooper and accepted the settlement offer provided that Plaintiff, John Scott Hooper, be awarded the medical power of attorney over the parents. The settlement was agreed upon based on the assumed value of the elderly Hoopers' net worth of the 1.5 million dollars.

10. The parties were awaiting the Circuit Court to approve the agreement to close the matter. The sale of the restaurant property continued to remain undisclosed.

11. On August 30, 2002, Jimmy Beavers called Plaintiff requesting information regarding a specific Cessna 182 aircraft. This aircraft was previously owned by Plaintiff, which at this time owned by Jimmy Beavers. During the conversation, Jimmy Beavers revealed that he was in the restaurant business and had obtained a parcel in Brewton, Alabama. The first knowledge of the sale of the restaurant property was in this very conversation with Jimmy Beavers, as principle of Beavers Family Trust, who had purchased the elderly Hoopers restaurant property during September 2001 for $450,000.00. Plaintiff immediately traveled to Escambia County Florida to the Courthouse and obtained copies of the relevant documents regarding the real estate transaction formerly owned by Mallett Hooper and Allene Hooper. This property was a large asset of the elderly Hoopers estate and subject of the settlement pending for approval before the court.

12. Plaintiff immediately notified the counsel for Mallett Hooper and Allene Hooper to terminate the proposed settlement as a fraud had been discovered on behalf of Emily Brown and Christi Hooper which omitted the restaurant property. Plaintiff assumed the restaurant property was included in the settlement, but it had been sold by Emily Brown and Christi Hooper using the power of attorney of the

elderly Hoopers.

13. The Court conducted a hearing and set aside the proposed settlement. The case was placed back in circulation for the trial calendar for December 2002. A subsequent mediation was conducted, and an eighteen-page document was drafted, and all the relevant parties signed the document in counterpart. Paragraph 16 required the elderly Hoopers to generate new wills to comply with the terms of this new agreement dated January 23, 2003. The elderly Hoopers did not comply with this provision. Prior to the execution of this settlement contract, Mallett Hooper and Allene Hooper were deemed incompetent by two Mental Health Experts.

14. Mallett Hooper passed away on November 5, 2006 and Allene Hooper passed away on May 12, 2008. Mallett Hooper's will devise his entire estate to his surviving spouse, Allene Hooper should she survive him by thirteen days. Allene Hooper survived Mallett Hooper by more than eighteen months.

15. At all times relevant, Plaintiff was a licensed attorney in the state of Alabama after being sworn in May 1998 and was acting as attorney for the Estate of Allene Hooper.

16. On December 7, 2011, Plaintiff deposited a Death Benefit Check in the amount of $83,922.71 from Merrill Lynch, now known as Transamerica Advisors Life Insurance Company, made out to the Estate of Mallette Hooper. As attorney for the Estate of Allene Hooper, Plaintiff deposited this check into the Hooper Law Firm Trust Account.

17. On February 14, 2014, Emily Brown and Christi Hooper, as Executors of the Estate of Mallett Hooper, filed suit in Circuit Court of Covington County, Alabama CV-2014-900019 for conversion of the funds of the Death Benefit Check from Merrill Lynch now known as Transamerica Advisors Life Insurance Company.

18. Plaintiff, individually and as counsel for The Hooper Law Firm moved to dismiss the action citing that the suit was not timely filed, and the Court denied the Motion to Dismiss as their action was filed outside the statute of limitations.

Page | 5

19. Emily Brown and Christi Hooper settled their claims on behalf of the Estate of Mallett Hooper by accepting $142,000 from Transamerica Advisors Life Insurance Company. Transamerica Advisors Life Insurance Company pursued a claim against Plaintiff and The Hooper Law Firm for the settlement to the Estate of Mallett Hooper.

20. On July 3, 2014, Counsel for Plaintiff and The Hooper Law Firm filed a Motion for Judgment on the Pleadings citing the *Alabama Legal Services Liability Act§* 6-5-574 limiting the time for filing against a lawyer and or a Law Firm to two years. There was no written objection filed in this action by any of the Plaintiffs or Cross Claim Defendant/Plaintiff Transamerica Advisors Life Insurance Company. The Circuit Court denied the motion even though the claim was not filed within the time allowed and there was no written objection to the motion.

21. The case CV-2014-900019 Covington County Alabama remains pending.

22. The probate cases in Covington County, Alabama that were removed to Circuit Court are the Estate of Allene Hooper PC-50/ CV-2014-23 and the Estate of Mallett Hooper, PC-56/ CV-2015-4.

23. The contract for settlement of cases in 2002 dated January 16, 2003 was for the division and management of the assets of Mallett Hooper and Allene Hooper as well as the care of the elderly Hoopers. All the Hoopers wanted was to live in peace in their home for the remainder of their lives, together. There was a real threat that the Emily Brown and Christi Hooper (natural daughters) were seeking to place the elderly Hoopers in a nursing facility if Mallett Hooper and Allene Hooper did not allow Emily Brown and Christi Hooper to inherit one third each of the estate of Mallett Hooper and Allene Hooper.

24. Plaintiff takes the position that the contract should be void in ab initio as the elderly Hoopers were both under duress of the threat that their daughters, Emily

Page | 6

Brown and Christi Hooper, were pursuing placing the them into a nursing home, the elderly Hoopers were examined within one month of executing the contract by Dr. D'Errico and Dr. Defrancisco by court order. Each found that the elderly Hoopers were incompetent and could not manage their financial affairs without assistance.

25. Mallett Hooper's will devised all his estate assets to surviving spouse, Allene Hooper should she survive him by thirteen days. Mallett Hooper died November 5, 2006 and Allene Hooper passed away on May 13, 2008.

26. Without the contract, all the assets of the Estate of Mallett Hooper should flow into the Estate of Allene Hooper.

27. Plaintiff received an undivided one third interest in a property by a Deed located in Monroe County, Florida for value during February 2014 from Robert and Rosemary Parks. The property has a street address of 157 Venetian Drive, Islamorada, Florida. During July 2014 Plaintiff executed a Quit Claim Deed back to Robert Parks and Rosemary Parks for less than fair market value. The property is believed to have a current market value of approximately $580,000.00.

28. John Scott Hooper filed for Bankruptcy in 2016 Case Number 16-30141. The one third undivided interest of the property is subject to the Estate of John Scott Hooper Bankruptcy and is due to be collected and brought into the Estate of John Scott Hooper.

29. Trustee Susan Depola has objected to a discharge of Debtors/Plaintiffs, John Scott Hooper and Suzette Hooper in the Bankruptcy action 16-30141.

30. Debtors have substantially complied with all requirements of the Bankruptcy and are due to receive a discharge at the conclusion of this case.

**WHEREFORE**, considering the totality of the facts and circumstances, the Debtors prays for Declaratory Judgement seeking to either order the Trustee to pursue the above stated assets for the Estate or in the alternative declare that they are abandoned and allow the Debtors to pursue said claims. Further the Debtors would request that they receive a discharge of all claims in this case pursuant to 11 USC § 727.

_____  
John Scott Hooper

_____  
Suzette P. Hooper

Sworn to and Subscribed before me this 16 TH day of February, 2018.

COVINGTON COUNTY, ALABAMA
MY COMMISSION EXPIRES:
DECEMBER 06, 2020

_____  
Notary Public
SHELIA A. CAYLOR

/S/ John D. Norris  
**JOHN D. NORRIS**  
Attorney for Debtors  
Post Office Box 241  
Millbrook, AL 36054  
Phone: 334-285-0682  
Email: norrisj@bellsouth.net

Page | 8